ALBERT T. BROWN, RESPONDENT, *v.* SARAH TEEL AND
    MARY A. HUNN, APPELLANTS, IMPLEADED, ETC.

*Action to compel the determination of claims to real property — sufficiency of the*
*complaint therein — evidence that a claim was made.*

In an action to compel the determination of claims to real property, it is not sufficient
    evidence that a claim was made on behalf of the defendant to show that she
    .was asked to execute a deed of the property, and failed to do so; nor is it a com-
    pliance with section 1639 of the Code of Civil Procedure, which requires the
    complaint to "set forth facts showing" that the defendant unjustly claims an
    estate in the land, to simply allege that the defendant "unjustly claims an
    estate," without stating any facts in support of such allegation.

In order to authorize the institution of such a proceeding, it must appear that a
    claim was made by the defendant before its commencement, and the assertion
    of a claim in the defendant's answer is not sufficient unless the answer admits
    that the defendant claimed an estate in the land prior to the commencement of
    the proceeding.

APPEAL by the defendant Sarah Teel, and by the defendant
Mary A. Hunn, from a judgment of the Supreme Court, entered in
the office of the clerk of the county of Washington on the 7th day
of April, 1890.

The action was brought to compel the determination of claims to
certain real estate described in the complaint, of which the plaintiff
alleged that he was the owner in fee simple.

The allegation of the complaint, as to the claim of the defendants,
was as follows: "VI. That the defendants, who are children and
grandchildren of said Elisha Brown, deceased, unjustly claim an
estate in fee in said premises."

*George B. Lawrence*, for the appellant Sarah Teel.

*Yonng & Kellogg*, for the appellant Hunn.

*Lyman H. Northup*, for the respondent.

LEARNED, P. J.:

This is an appeal by the defendants Teel and Hunn from a judg-
ment against them in a proceeding to compel the determination of
claims to real property.

Elisha Brown, now dead, on the 18th of December, 1875, entered
into an agreement, under hand and seal, with his son, the plaintiff.

By this the plaintiff agreed to support and to take care of Elisha during his life, and in consideration thereof Elisha agreed to give plaintiff the property in question. It was provided that if Elisha should become dissatisfied with his support by the plaintiff, he might cancel the agreement, paying plaintiff a certain price for what he had done. Elisha was to have the use and the possession of the property during his life. It was also provided that should the agreement be carried into effect during the natural life of Elisha, " then this agreement shall be considered a good and sufficient title to the above described house and lot to the said plaintiff."

This agreement was left with the justice of the peace who drew it. It was not witnessed or acknowledged. The justice died in 1877. Elisha died in 1878. On August 26, 1878, the administrator of Burbank, the justice, delivered the instrument to plaintiff. He acknowledged it December 17, 1879, and put it on record. Elisha, until his death, lived with the plaintiff. Since Elisha's death the plaintiff has had the undisturbed possession and enjoyment of the premises. The defendants are children and grandchildren of Elisha, and with the plaintiff are the heirs-at-law.

The complaint alleges that they unjustly claim a fee in the premises. Against several of them judgment was taken by default. Two of them appeared. Mary A. Hunn denies the complaint generally. Sarah A. Teel, among other things, denies that she has ever claimed any estate in the premises. She, however avers, that plaintiff took possession of all the real and personal property of Elisha, and she asks an accounting.

On the trial the court rendered judgment against all of the defendants, including the appellants, who had appeared, barring them of all claim and awarding costs against defendants Hunn and Teel. The action was commenced in January, 1889. In February, 1889, defendant Teel offered to release all claims to the land and to have the action discontinued as to her without costs, but declined to pay costs. A similiar offer was made by her in April, 1889. These offers were not accepted by the plaintiff.

On the trial, in order to show that these defendants made claim to this property, the plaintiff gave in evidence a letter from him to Mrs. Teel, written in December, 1888, saying that his father left him a little property, and as he was about to sell it he wanted the

heirs to sign off. It did not appear what the reply was. And no such letter was shown to have been received by defendant Hunn.

On this appeal neither of the defendants urge that, in equity, they have any interest in the premises, nor do they rest upon their legal title. But they say that, never having made any claim to the premises, they have been wrongfully made parties to this proceeding, and that they have been unjustly required to pay costs. Therefore, they rely on all the objections which may be shown to exist against plaintiff's action.

This proceeding, like an action of interpleader, is brought by one who has no claim or demand against the defendants. Its object is to compel them to bring to trial claims which they are alleged to have against the plaintiff. Hence it is an important element in the plaintiff's right to maintain the action that the defendants shall unjustly claim an estate in land of the plaintiff. The Code (§ 1639) requires the complaint to " set forth facts showing the plaintiff's right to the real property," etc., and showing " that the defendant unjustly claims an estate therein of the character specified in the last section." The defendants insist that this complaint sets forth no facts, but merely asserts that the defendants unjustly claim a fee in the premises. We think that the defendants are right. The case of *Austin* v. *Goodrich* (49 N. Y., 266) is directly in point. There a demurrer to a similar complaint was sustained because, among other grounds, no facts were stated showing that defendants unjustly claimed title. And it hardly needs argument to show that when a statute requires the complaint to state facts, showing that defendants unjustly claim a certain estate, it is not a compliance with the statute simply to allege that the defendants unjustly claim an estate without alleging any facts showing this.

As, however, the parties in this case went to trial we ought to examine whether the defect in the complaint was supplied by proof. If it were, we might probably disregard the defect, or allow the complaint to be amended to conform to the proof. But on examining the case we find no proof whatever that the defendants ever made, before the commencement of the action, any claim to the premises in question. The only evidence tending in that direction is, that the plaintiff wrote the letter above mentioned to Mrs. Teel asking the heirs to sign off. The letter does not distinctly state that plaintiff has the title, for he says that he wants the heirs to sign off,

because he is going to sell the land. No evidence was given as to what reply, if any, was made to the letter. And no evidence that the defendant Hunn ever received such a letter. We cannot hold that when one is asked to execute a deed to another of certain land, and makes no reply, there is evidence that the party thus asked makes a claim to the land. We do not know of any obligation under which a person lies to execute a deed of land simply because the owner asks it. It does not appear that these defendants, prior to the commencement of the action, had disturbed, or threatened to disturb, the plaintiff in possession, or had asserted that they had any title.

The learned justice who tried the case found, as a fact, that the two defendants, Teel and Hunn, unjustly claimed an estate in fee in an undivided portion as heirs-at-law of Elisha. And that finding seems to be based on the fact that, prior to the action plaintiff mailed a letter, as above stated, to defendant Hunn, and that defendant Teel received a similar letter and refused to execute the deed requested. There is no evidence of such refusal, and there is no evidence that defendant Hunn received the letter. We think that the evidence fails to show that these defendants, justly or unjustly, made any claim of title to the premises before the commencement of the action.

We do not think it necessary, in this view of the case, to decide whether the written agreement between plaintiff and Elisha was an executory contract for the conveyance of the premises in case plaintiffs should support Elisha, or whether it operated as a deed on the death of Elisha and on proof that plaintiff did thus support him. If the former, then, if plaintiff wished to have a legal and not merely an equitable title, he should have brought an action for performance of the contract. If the latter, then he cannot maintain the present proceeding until the defendants shall have laid claim to some estate in the premises adverse to his. Nor need we inquire, in the view we take, whether or not the proof was sufficient to show that the plaintiff had fulfilled his part of the agreement. It is enough for us to say that neither does the complaint aver, nor the proof show, that the defendants claimed an estate in the premises.

The claim which they must have made, in order to permit plaintiff to bring this action, must have been made before its commencement. We cannot look to the answers of the defendants as an assertion of

such claim, unless the answers admitted that defendants had claimed such an estate. And these answers deny that. The plaintiff asked, in his complaint, for costs of the action, and thus the defendants were compelled to litigate.

The judgment as to the defendants Teel and Hunn is reversed and a new trial granted, costs to abide the event.

LANDON and MAYHAM, JJ., concurred.

Judgment reversed, new trial granted, costs to abide event.