Ingraham, J.
— The former complaint in this action was held demurrable by the general term on the ground that it did not allege the law of the state of Colorado and the territory of Utah, under which the complaint alleged the railroad companies therein mentioned were consolidated and became the defendant corporation. 87 St. Rep., 44. The plaintiff then amended the complaint by setting out the law of such state and territory, and then alleged the consolidation of the two railroad companies, under and in accordance with such laws, into one corporation, called and known by the corporate name and style of the Rio Grande Western Rail *810 road Company, the defendant in this action ; and defendant demurs to the amended complaint, claiming that such amended complaint is defective, in not alleging the proceedings and steps by which the two railroad corporations became consolidated into the defendant. Under our system of pleading, facts are to be alleged ; not the evidence to prove such facts. The consolidation of the two corporations was a fact which could take place only upon the compliance by the corporations with the provisions of the statute that are pleaded ; and where the complaint alleges the law of the state Under which the corporation existed, authorizing the consolidation, and that thereupon two corporations became consolidated into one corporation, it is a sufficient allegation upon demurrer. A demurrer admits such facts as may by reasonable and fair intendment be implied from the allegation of the complaint, and the allegation that the two railroads became consolidated under the provision of this law, by reasonable and fair intendment, implies that all the steps prescribed by the law to effect such consolidation were duly taken; and as it appears, from the laws pleaded, that upon such consolidation the corporation into which the other corporation had become merged was liable for the debts of such other corporation, I think the complaint alleges a good cause of action against such consolidated corporation. The demurrer must therefore be overruled, and judgment ordered for plaintiff, with costs, with leave to defendant to withdraw demurrer and answer within twenty days on payment of costs.
T. F. H. Myer, for appl’t; W. Strauss, for resp’t.
Per Curiam.
The opinion of the court below sufficiently ' states the ground upon which the judgment rendered was founded.
The cases of Austin v. Goodrich, 49 N. Y., 266, and Bartlett v. Crozier, 17 Johns., 456, do not seem to have any application. All that is decided in those cases-is that in order to maintain the action under the statute the facts must be alleged bringing the plaintiff within the protection of the statute.
In the case at bar the statute is pleaded, and the allegation is made that the provisions of the statute have been complied with. This is an entirely sufficient allegation, as the steps taken in complying with the statute are nothing but the evidence going to support the allegation.
The judgment should be affirmed, with costs, and with leave to the defendant to withdraw the demurrer and answer upon payment of the costs in the court below and on this appeal.
Yan'Brunt, P. J., and O’Brien, J., concur.