LEWIS C. KING, Appellant, v. JOHN TOWNSHEND, Respondent, Impleaded with Another.

*Action to determine adverse claims to real estate — affirmative judgment for defendant — demurrable answer to an insufficient complaint — sufficiency of a complaint.*

Where, in an action brought to determine conflicting claims to real estate, pursuant to article 5 of title 1 of chapter 14 of the Code of Civil Procedure, the defendant, by his answer, simply denies the plaintiff's possession and not his title, and does not allege title or possession in himself, he is not entitled to a judgment for affirmative relief; such defense is demurrable on the ground that it does not state facts sufficient to constitute a defense.

*Semble,* that in case an answer is demurred to and a cause of action is not set forth in the complaint, judgment should be rendered for the defendant.

It is not necessary, in order to state a cause of action in an action brought to determine conflicting claims to real estate, pursuant to article 5 of title 1 of chapter 14 of the Code of Civil Procedure, that the plaintiff should allege in the complaint that he is the sole owner in fee of the premises therein described.

Sole ownership is fairly implied from an allegation that the plaintiff is the owner in fee, and an allegation therein contained that the plaintiff has been in possession of the land since he acquired his title, is equivalent to an allegation that he has been in possession as sole tenant.

The complaint in an action brought under the provisions of the Code of Civil Procedure to determine conflicting claims to real estate contained the following allegation:

"3. That the defendant, John Townshend, unjustly claims an estate, or interest therein, adverse to that of plaintiff, to wit, the adverse claim that he is seized of said premises in fee."

*Held,* that the allegation was not an allegation of a conclusion either of law or of fact, but was an allegation of what the defendant had asserted as a fact;

That such allegation was sufficient and in compliance with the provisions of subdivision 3 of section 1638 of the Code of Civil Procedure;

The possession of a tenant is the possession of his landlord, and a person in the possession of land by his tenant may maintain an action to compel the determination of an adverse claim to it.

APPEAL by the plaintiff, Lewis C. King, from an interlocutory judgment of the Supreme Court in favor of the defendant, John Townshend, entered in the office of the clerk of the county of New York on the 19th day of March, 1894, upon the decision of the court, rendered after a trial at the New York Special Term, overruling the plaintiff's demurrer to the third defense alleged in said defendant's answer.

This action was begun December 6, 1893, to determine the claims of the parties to real estate, pursuant to the 5th article of the 1st title of the 14th chapter of the Code of Civil Procedure.

It is alleged in the complaint that January 29, 1890, William Moores conveyed the land to the plaintiff, who owns it in fee and has been in possession of it since the date of his deed; that the defendant unjustly claims to be the owner in fee of the same land.

For a third defense the defendant alleged as follows:

" Three— For a third defense this defendant denies that the premises described in the complaint at the time of the commencement of this action, and for one year and upwards next preceding, had been in the possession of the plaintiff, and this defendant alleges that at the time of the commencement of this action said premises were, and for more than one year next preceding the commencement of this action had been, and were, and still are, in the possession of one John Hughes, holding the same as tenant or sub-tenant of plaintiff for a term which will expire on May 1, 1894."

To this defense the plaintiff demurred on the ground that it does not state facts sufficient to constitute a defense.

*L. A. Gould,* for the appellant.

*John Townshend,* defendant and respondent, in person.

FOLLETT, J.:

The special proceedings for the determination of claims to real property authorized by title 2 of chapter 5 of the 3d part of the Revised Statutes, were a substitute for the ancient mode of barring claims to real estate by fines and recoveries (1 Gra. Pr. [2d ed.] 71), authorized and regulated by chapter 58, Revised Laws of 1813 (vol. 1, p. 358), which act was repealed by paragraph 93 of section 1 of chapter 21 (2d session), Laws of 1828 and

by 2 Revised Statutes, 343, section 24. (*McGregor* v. *Comstock*, 17 N. Y. 162.) In 1849 section 449 was added to the Code of Procedure, by which actions were authorized to compel the determination of claims to real property, pursuant to the provisions of the Revised Statutes. After the adoption of this section it was held that adverse claims to real estate might be determined by an action or by a special proceeding; that the remedies were cumulative. (*Burnham* v. *Onderdonk*, 41 N. Y. 425; *Fisher* v. *Hepburn*, 48 id. 41.)

September 1, 1880, chapter 14 of the Code of Civil Procedure took effect, the 5th article of which embraces the substantive law of the Revised Statutes, with some changes, in respect to the determination of such claims, and by section 1 of chapter 245 the provisions of the Revised Statutes were repealed. The substantive law and the law of procedure relating to this subject are now embraced in the 5th article of the 1st title of the 14th chapter of the Code of Civil Procedure.

It should be borne in mind that this action was begun after article 5, last referred to, was amended in 1891. The substantive law, prescribing cases in which actions may be brought, is contained in section 1638, and the law regulating the procedure and the effect of judgments in such cases is embraced in sections 1639 to 1646 inclusive, but on the record the questions presented are controlled by sections 1638, 1639 and 1640, for so far as it appears (only the third defense being printed) the defendant has simply denied the plaintiff's possession, not his title, and has not alleged title or possession in himself, and could not have a judgment for affirmative relief as provided in the subsequent sections. The following are the sections referred to:

"§ 1638. Where a person has been, or he and those whose estate he has, have been for one year in possession of real property, or of any undivided interest therein, claiming it in fee or for a term of years not less than ten, he may maintain an action against any other person to compel the determination of any claim adverse to that of the plaintiff which the defendant makes to any estate in that property in fee, or for life, or for a term of years not less than ten, in possession, reversion or remainder, or to any interest in that property, including any claim in the nature of an easement therein,

whether appurtenant to any other estate or lands or not, and also including any lien or incumbrance upon said property, of the amount or value of not less than two hundred and fifty dollars. But this section does not apply to a claim for dower."

" § 1639. The complaint in such an action must set forth facts showing :

" 1. The plaintiff's right to the real property ; whether his estate therein is in fee, or for life, or for a term of years not less than ten ; and whether he holds it as heir, devisee or purchaser, with the source from or means by which his title immediately accrued to him.

" 2. That the property at the commencement of the action was, and, for the one year next preceding, has been in his possession, or in the possession of himself and those from whom he derives his title, either as sole tenant, or as joint tenant, or tenant in common with others.

" 3. That the defendant unjustly claims an estate or interest or easement therein, or a lien or incumbrance thereupon of the character specified in the last section.

" The complaint must describe the property as prescribed in section fifteen hundred and eleven of this act. The demand for judgment may be to the effect that the defendant and every person claiming under him be barred from all claim to an estate in the property described in the complaint, or from all claim to an interest or easement therein, or a lien or incumbrance thereupon, of the character specified in the last section, or it may combine two or more of said demands with other demands for appropriate relief.

" § 1640. If the defendant, in his answer, puts in issue the matters specified in subdivision second of the last section, and succeeds upon that defense, final judgment must be rendered in his favor, dismissing the complaint and awarding to him costs against the plaintiff."

The defendant invokes the application of the rule that in case the answer is demurred to and a cause of action is not set forth in the complaint, judgment should be rendered for the defendant. (*People* v. *Booth,* 32 N. Y. 397 ; *Clark* v. *Poor,* 73 Hun, 143 ; Abb. Tr. Brief Pledgs. § 461.)

Under this rule the question first to be determined is, does the complaint state a cause of action ? The land in dispute is described and it is alleged that the plaintiff owns it in fee ; that he acquired

his title from William Moores and wife, by a deed executed January 29, 1890 ; that when the action was begun, and for one year next preceding, the plaintiff had been in possession of the land, claiming it in fee. This complaint complies with the 1st and 2d subdivisions of section 1639, and it is not necessary, in order to state a cause of action, that the plaintiff should allege in the complaint that he is the *sole* owner in fee. The sole ownership is fairly implied from the allegation that he is the owner in fee. No authority is cited for the position that an allegation that the plaintiff is the owner of commercial paper sued on, that he is the owner of a chattel, or is the owner of a piece of land, is not equivalent to an allegation that he is the sole owner of such paper, chattel or land. For the same reason the allegation that the plaintiff has been in possession of the land since he acquired his title, is equivalent to an allegation that he has been in possession as sole tenant. The more serious question arises under the third paragraph of the complaint :

" 3. That the defendant, John Townshend, unjustly claims an estate, or interest therein, adverse to that of plaintiff, to wit, the adverse claim that he is seized of said premises in fee."

Upon *Austin* v. *Goodrich* (49 N. Y. 266) and *Brown* v. *Teel* (59 Hun, 91) it was held by the learned Special Term that the allegation last quoted was not a compliance with the 3d subdivision of section 1639, above quoted, and that it was necessary for the plaintiff to set out the particulars of the defendant's claim. The case first cited arose under the Revised Statutes, which, as amended by chapter 50, Laws 1848, provided :

" § 1. * * * He (the person instituting the proceedings) may compel a determination upon any claim which any other person may make to any estate, in fee or for life, or for a term of years not less than ten, in possession, reversion or remainder, to such lands and tenements, in the manner and by the proceedings hereinafter specified.

" § 2. He (the person instituting the proceedings) shall serve a notice * * * on such claimant, stating * * *

" 4. That the person to whom such notice is directed unjustly claims title to such premises." (2 R. S. 312, §§ 1, 2.)

It was alleged " that the defendant unjustly claims title to said premises." The defendant demurred upon the ground that the

complaint did not state facts sufficient to constitute a cause of action. In discussing the question as to whether the allegation " that the defendant unjustly claims title to said premises " was sufficient, it was stated : " She (plaintiff) can have a right of action against another only when he makes a claim to an estate to such lands or tenements, in fee or for life, or for a term of years not less than ten. In stating her right of action against him she must bring him, by the averments of her complaint, within some of these provisions. He must be shown by them to make a claim to an estate in fee or for life, or for a term of years not less than ten, to such lands and tenements. Failing to do this, she fails to show any right to bring him into court to assert and make good his claim or be forever barred. If he makes claim other than as specified in the statute, and makes no claim as therein specified, she has no right to compel him to assert it and make it good or be forever barred."

The demurrer in that case was held good upon the ground that the plaintiff failed to allege that the defendant claimed an estate " in fee, or for life, or for a term of years not less than ten." It was not there held or intimated that a plaintiff is required to set out the particulars of a defendant's claim, but the intimation is that had the plaintiff alleged that the defendant claimed an estate in fee, for life, or for a term of years not less than ten, it would have been sufficient.

In the second case cited, an action under the Code of Civil Procedure, it was alleged that the plaintiff " was the owner in fee simple," and " that the defendants, who are children and grandchildren of said Elisha Brown, deceased, unjustly claim an estate in fee in said premises."

All of the defendants made default, except Teel and Hunn, who separately answered, Teel denying that she had any claim or interest in the land, and Hunn interposing a general denial. On these issues the action was tried on the merits at Special Term. On the trial the plaintiff failed to show that either of the defendants had ever claimed any interest in the land, notwithstanding a judgment was directed against them, with costs, from which they appealed, not claiming on the appeal any interest, legal or equitable, in the land ; the judgment was reversed on the ground that the plaintiff failed to prove a cause of action, which was clearly right, and it was affirmed

by the Court of Appeals. (128 N. Y. 678.) Neither of these judgments supports the contention of the defendant. It was not held in either case that the plaintiff must set forth the particulars of the defendant's adverse claim of an interest in fee. The allegation that defendant claims to be an owner of the fee of the land is not an allegation of a conclusion either of law or of fact, but it is an allegation of what the defendant has asserted, as a fact. The plaintiff may not know the ground of the defendant's assertion, which may be exclusively within his knowledge. We do not think it will do to hold that in case A. is in possession of land, claiming to own it in fee simple, and B. asserts when, where and to whom he pleases, that he owns the land in fee, without disclosing how he owns it, that A. may not, by alleging his ownership and B.'s claim, require the latter to abandon or defend his claim. Should the rule contended for by the defendant be adopted, would the plaintiff be required to state truly all the particulars and grounds of the defendant's claim, at his peril? We think that in such a case the defendant should be required to allege the grounds and particulars of his own defense, and that the burden should not be imposed on the plaintiff. Again, it should be observed that the 1st subdivision of section 1638 requires the plaintiff to set forth the source of his title and the quality and quantity of his estate, and whether he acquired it by descent, by devise or by grant, but the 3d subdivision does not require such particularity in respect to the defendant's claim. The requirements of the two subdivisions are quite different, and rest upon the theory that the plaintiff knows the particulars of his estate, but may not know the particulars of the defendant's claim.

The sections of the Code are well pleaded. (*Rothschild* v. *The Rio Grande Western Ry. Co.*, 45 N. Y. St. Repr. 809.) The complaint states a good cause of action.

The facts stated in the third division of the answer, to which the demurrer is taken, do not constitute a defense. The defendant alleges that John Hughes, the plaintiff's tenant, is in possession of the premises. It is a familiar rule that the possession of the tenant is the possession of the landlord. The defendant's contention is that the owner of land in fee which happens to be in the possession of his tenant cannot maintain an action to determine the validity of an adverse claim to it, and that a plaintiff must be actually in the

personal possession of the disputed land before he can maintain such an action.

The Revised Statutes provided that a proceeding might be maintained by a person in " actual possession," which language was incorporated in the Code of Civil Procedure, and there remained until 1891, when the word " actual" was stricken out, which was done to obviate the very objection now raised by the defendant. Under the Code, as it now stands, a person in possession of land by by his tenant may maintain an action to compel the determination of an adverse claim to it. We are asked to order a final judgment against the defendant on this appeal. This we cannot do, for the whole of his answer is not contained in the record, and he may have interposed some good defense to the action.

The interlocutory judgment should be reversed and the demurrer sustained, with costs in this court and at the Special Term.

VAN BRUNT, P. J., and PARKER, J., concurred.

Interlocutory judgment reversed, and demurrer sustained, with costs in this court and at the Special Term.