(17 Misc. Rep. 415.)

### WALKER et al. v. PEASE et al.

(Supreme Court, Special Term, Onondaga County. June, 1896.)

1. ABATEMENT—FORMER ACTION PENDING.
   An action in which are united two causes, one by an administrator to set aside fraudulent conveyances by his intestate, and the other by the heirs to determine adverse claims to real estate based on conveyances by intestate, is not abated by the pendency of a former action by one of the heirs against the other heirs and such adverse claimants, involving the second cause of action, as it does not involve the cause of action set up by the administrator.

2. FRAUDULENT CONVEYANCES—ACTION TO SET ASIDE—PLEADING.
   A complaint by an administrator to set aside a deed by his intestate as in fraud of creditors is insufficient where it merely alleges that there is a certain amount of debts against intestate's estate, without showing that at the time the conveyance was made it was in fraud of people now holding claims.

3. ADVERSE CLAIMS TO LAND—PLEADING POSSESSION.
   A complaint in an action to compel the determination of a claim to real property (Code Civ. Proc. § 1639) is deficient, though it contains a general allegation of possession by plaintiff, where it further recites that the premises in question were occupied by the tenant of an unnamed landlord, and that a receiver was appointed, of the land, in another action.

Action by Polly Walker and others against Edgar S. Pease and another to determine the rights of plaintiffs in certain real estate. Defendant Pease demurs to the complaint on the grounds that another action was pending between the same parties for the same cause of action, and that there was a misjoinder of parties plaintiff.

Defendant Howe demurs on the grounds that another action was pending between the same parties for the same cause of action, and that the complaint did not state facts sufficient to constitute a cause of action. Demurrer of defendant Pease overruled. Demurrer of defendant Howe sustained.

C. S. Kent, for plaintiffs.
Woods & Smith, for defendant Pease.
Smith & Rogers, for defendant Howe.

HISCOCK, J. The plaintiffs in this action have attempted to unite in one count of one complaint entirely separate and disconnected causes of action claimed to exist in behalf of entirely separate plaintiffs, respectively. The complaint purports to set out as one cause of action that claimed to exist in behalf of the plaintiff George H. Gilbert, as administrator, etc., of Justus B. Pease, under chapter 314, Laws 1858, to have set aside certain conveyances made by said Pease of the real estate in question as made in fraud of the rights of creditors. And said complaint purports to set forth as another and second cause of action that claimed to exist in favor of the above-named other plaintiffs, as children and heirs at law of said Justus B. Pease, deceased, to have their rights settled and affirmed in said real estate under sections 1638 to 1650 of the Code of Civil Procedure, as against the defendants who claim said real estate as children and heirs at law of Harriet M. Pease, wife of said Justus, under certain conveyances made by him to her. It is not necessary to consider what the effect would be of thus uniting in one complaint plaintiffs and causes of action so separate and disconnected if such procedure were questioned or attacked, for it is not. The only object of referring to said separate and twofold causes of action is as preliminary to and bearing upon the discussion of the grounds of complaint which are urged against plaintiffs' pleading by way of demurrer. The defendant Pease, upon the argument, and by his brief, seems to have abandoned the ground of demurrer urged by him of misjoinder or nonjoinder herein as a plaintiff, and I do not regard the demurrer as to be sustained upon that ground, but pass to the other ground of demurrer, which is urged by both defendants, viz. that of pendency of another action. It appeared, in substance, by the complaint, that some time prior to the commencement of this action another action was commenced by the defendant Edgar S. Pease, as plaintiff, against substantially all of the parties to this action, as defendants, for partition of the real estate involved in this action, and that in said action the heirs of Harriet M. Pease, defendants in that action and in this, did serve an answer which prayed for a partition of said property between the heirs of Harriet M. Pease, deceased. The prior action upon the facts and pleadings as so stated in the complaint in this action would seem to present substantially the same questions as to which set of heirs is entitled to said real estate, and the validity of the purported transfer under which the heirs at law of the wife claim, as are presented in this action; and there is at least strong foundation in the recent

decisions for the proposition here advanced by the demurring de-
fendants that the court in the action for partition could and would
settle adverse interests and claims to the real estate involved.     I
do not see, however, how the claim of another action pending can
be successfully urged as against all that is set out in the complaint
herein.     As above indicated, this action embraces two entirely dis-
tinct causes of action, and, although they may be improperly united,
or although the complaint, as hereafter suggested, may fail to prop-
erly allege those causes of action, I think that plaintiffs are entitled
to urge either one of them as against the contention of defendants
now being considered.     The cause of action attempted to be set
up herein in behalf of the plaintiff Gilbert as administrator, etc.,
of Justus B. Pease, to have certain transfers of his set aside as
fraudulent under the statute above referred to, is not in any man-
ner involved in the action pending when this action was commenced.
Plaintiffs have a right to rely upon that alleged cause of action for
the purpose of defeating this ground of demurrer, and I think it
does defeat it.

I now pass to the second ground of demurrer urged by the de-
fendant Howe, namely, that plaintiffs' complaint fails to state a
cause of action.     I think it is very clear that it does fail to state a
cause of action in behalf of plaintiff Gilbert.     The complaint at-
tacks two conveyances of the land in question,—one executed by
the deceased, Justus B. Pease, in 1888, running to the name of the
defendant Alida B. Havland, but never delivered down to the time
of the death of said grantor, in 1893; the other executed by said
same grantor to his wife, Harriet M. Pease, in 1876.     It is clear
from the allegations of the complaint and prayer for relief that the
first conveyance is not and cannot be attacked by the plaintiff Gilbert,
under the statute above referred to, as made in fraud of creditors.
The entire basis of the claim against this deed is that it was never
by the grantor consummated or delivered at all, but was, after his
death, surreptitiously and fraudulently procured by the husband
of the grantee named therein, and put on record.     The second deed,
as above stated, was executed in 1876, 17 years before the death of
the grantor.     It is alleged that several years after the execution of
said deed the defendant Coburn, by virtue of some transactions of
the deceased grantor in connection with a trust estate, acquired
some lien or other upon the real estate in question; and it is also
alleged that there are $1,500 of debts against the estate of said
Pease, and no personal property with which to pay the same; but
there are no allegations anywhere which indicate any such exist-
ence of such debts as would support an inference even that this
conveyance, made at the time it was made, was in fraud of the rights
of the people now holding such claims.

The sufficiency of the allegations in the complaint of the other cause
of action claimed to exist in behalf of the other plaintiffs under sec-
tion 1638, etc., of the Code, perhaps presents upon the demurrer there-
to a closer question, but it seems to me that they are not sufficient.
The complaint alleges, under subdivision 1, § 1639, the rights of
the plaintiffs to the real property in question, and then, under sub-

division 2 of said section, in the first instance, their possession thereof in form, which very likely would be sufficient; but, after making the general allegations intended to comply with the requirements of the section of the Code, the complaint sets forth other facts and details which seem to me to not only impair the first allegations of possession, but to show that at the time when this action was commenced plaintiffs had not such possession for such length of time as was necessary to entitle them to maintain the action. After making the general allegation of possession above referred to, the complaint alleges, in folio 21, "that said defendant James Spencer is the person in occupancy at the present time of said premises, and is a tenant at sufferance thereof"; there being no allegation as to who is to be deemed his landlord. The complaint then further alleges, in substance, at folio 24, etc., that in the prior action, brought by the defendant Edgar S. Pease for the partition of the real estate in question, and hereinbefore referred to, "a temporary receiver has been appointed, pursuant to section 714 of the Code of Civil Procedure, by an order of said court in said action on an ex parte application of the plaintiffs therein, and without notice to any of the defendants therein, to collect the rents and income of said real estate"; and in the prayer for judgment asks that it be provided "that said receiver appointed in said action account and pay over to the receiver appointed in this action all money and property of every name and nature so held by him as such receiver." We have it, therefore, appearing by this complaint, in opposition to and contradiction of the general allegations of possession by plaintiffs, that at the time when this action was commenced the premises were in the actual occupation of a tenant, his landlord not being stated; that also, prior to the time when this action was commenced, a receiver had been appointed in said other action to collect the rents of said property; and, as inference certainly from the prayer thereof that he account, that he had been and was collecting said rents. The complaint is specific in alleging that such receiver was appointed under section 714, which, by relation to section 713, permits the appointment of such receiver only where the property in question is in the possession of an adverse party. In the action brought by Pease, in view of the answer served by the heirs of the wife alleging their rights, it would not be a violent presumption to assume that they were and could be the only adverse parties in that suit, and that, therefore, the appointment of this receiver was presumably upon the ground that the property in question was in their possession. But, independent of pursuing the reasoning to that extent, it does fairly appear from the allegations of the complaint that a receiver in such prior action is in possession of this property for the purpose of collecting its rents and income. He is there as the officer of the court for the benefit undoubtedly of whoever shall ultimately become entitled to the property coming into his possession. But at the present time he certainly cannot be said to be in such possession as the tenant or representative or agent of these plaintiffs. He is not in any way subject to their control. They cannot dictate to him what he shall do, or compel him

to alter his possession or rights by discharging one tenant, for instance, and taking another one.    Under these circumstances, I do not think that it can be said that the plaintiffs, when they brought this action, had that possession of the lands which was contemplated and required by the provisions under which they are attempting to proceed.    It is too well settled to permit discussion that, when plaintiffs seek to avail themselves of a statutory action like this, they must strictly and substantially comply with the provisions of the statute under which they are seeking to act, and there is no question but that the provisions of the section in question imposed upon plaintiffs the necessity of clearly, strictly, and fully showing a possession such as is provided for and specified by section 1639.    It is true that this section has been so amended as to substitute for the words formerly employed, "actual possession," the word "possession," but I do not believe that such amendment helps plaintiffs in this action.    The object and intent of that change has been adjudicated in King v. Townshend, 78 Hun, 380, 387, 29 N. Y. Supp. 181.    It was there held that such object was to permit a party to bring a suit of this nature where he was in possession by a tenant, rather than in the actual physical possession himself.    If I am right in my view that there is a receiver in possession of this property, and that he cannot be said to be the tenant of plaintiffs, this amendment does not help them.    It is true that plaintiffs allege, in connection with the appointment of this receiver, that it was without jurisdiction, etc.    But those allegations seem to be in the nature of mere conclusions, which will not overturn actual facts stated in the complaint, and the ordinary presumption in favor of the jurisdiction and legality of action of a court of record.

As indicated by that already said, I do not regard the demurrer to the complaint upon the ground of another action pending as inconsistent with and destructive of the other ground of demurrer urged,—the insufficiency of the complaint.    In accordance with these views, the demurrer of the defendant Pease should be overruled  and disallowed, and that of the defendant Howe sustained, upon the ground last stated, and formal decision and interlocutory judgment may be prepared and signed in accordance therewith, and in the usual form provide that the demurrer of the defendant Pease be overruled, with $25 costs to plaintiffs, and with the privilege to said defendant of answering herein within 20 days after service of notice of entry of said judgment, upon payment of such costs; and that the demurrer of the defendant Howe be allowed and sustained upon the ground that said complaint does not state facts sufficient to constitute a cause of action, with $25 costs, and with leave to plaintiffs, at any time within 20 days after service of notice of entry of said judgment and upon payment of said costs, to serve an amended complaint herein.

Ordered accordingly.