ROTHSCHILD, Respondent, v. RIO GRANDE W. RY. CO., Appellant. (Supreme Court, Appellate Division, First Department. May 7, 1897.) Action by Simon Rothschild against the Rio Grande Western Railway Company. C. A. Jackson, for appellant. George Hoadly, for respondent.

PER CURIAM. The objection taken on this appeal that the complaint does not state facts sufficient to constitute a cause of action is not maintainable. It was held on a former appeal that the complaint was sufficient in its allegations respecting the effect of the consolidation of the railroad corporations. 18 N. Y. Supp. 548. The complaint also sets forth sufficient facts to impose upon the defendant liability for the coupons. We are not at liberty to consider anew the provisions of article 8 of the mortgage, in connection with the contention of the defendant that the terms of that article obstruct the right of the plaintiff to maintain an action upon the coupons, that question having been determined also upon an appeal to the general term. 84 Hun, 103, 32 N. Y. Supp. 37. Concerning the other question argued on this appeal,

and relating to the second defense, it is sufficient to say that there is nothing upon the record to indicate that the ruling of the judge at the trial term excluding the bondholders' agreement was erroneous. The objection taken was, among other things, that the paper was incompetent as evidence. No offer was made to prove any signature appearing on such paper; it was not a paper that would prove itself; it was not an authenticated paper in any sense; and it also appears that it was not sufficient as proof for the reason that, by article 9 of the mortgage, it required the holders of a majority in interest of bonds to waive defaults in such a manner as would bind the minority holders, and the amount of bonds claimed to be owned by the signers of that paper was very much less than the major part of the outstanding issue. Upon the record as it is made up, and upon the facts as they appear, the ruling of the court below in rejecting this paper as evidence was right, and the judgment must be affirmed, with costs.