MARY S. STACKHOUSE and Others, Respondents, *v.* JOHN STOTENBUR and EMILY KING, Appellants.

*Determination of claims to real estate — proof of possession in plaintiff for the statutory period — inference as to the continuance of an occupation — declarations of parties showing the nature of their cohabitation.*

In an action under section 1638 of the Code of Civil Procedure, to compel the determination of a claim to real property, proof of possession in plaintiff, under claim of title, for the length of time fixed by the statute, is sufficient to require the defendant to show his own title.

Where occupation is once established, its continuance may be inferred.

Declarations of parties, made while they were living together, are competent to characterize the nature of their cohabitation.

APPEAL by the defendants, John Stotenbur and another, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Schuyler on the 19th day of November, 1896, upon the report of a referee.

*Richard H. Thurston*, for the appellants.

*M. J. Sunderlin*, for the respondents.

MERWIN, J. :

This action was commenced on August 1, 1891, under the provisions of the Code of Civil Procedure relating to the determination of claims to real property (§§ 1638, *et seq.*), for the purpose of quieting the title to a house and lot in the village of Havana. The plaintiffs in their complaint claimed to be owners in fee of the premises, and in substance alleged that, for more than three years previous to the commencement of the action, they had been in actual possession of the premises as tenants in common, holding the same through the plaintiff Mary S. Stackhouse, one of the tenants in common, who resided during that time on the premises. The defendants in their answer alleged, among other things, that they, as heirs at law of one Abram Stotenbur, were the owners in fee of the premises, and that the plaintiffs were in possession and unlawfully withheld the same from the defendants.

It appeared that Abram Stotenbur at one time owned the prem-

ises, but it was shown by the plaintiffs, and is not now disputed by the defendants, that Stotenbur, prior to 1879, conveyed the premises to Calden B. Forest, Jr., who was in the possession and occupancy thereof at the time of his death on the 25th of January, 1879. He died intestate, and his father, Calden B. Forest, Sr., survived him, and was in the possession and occupancy of the premises from shortly after the decease of the son to the time of his, the father's, death in February, 1881. It is shown that the father, after the death of the son, moved into the house and lived there until he died. The plaintiffs are the heirs at law of the father.

It is claimed by the defendants that the plaintiffs failed to show an actual possession for three years immediately preceding the commencement of the suit. There was evidence tending to show that the plaintiff Stackhouse, upon the death of her father, moved into the house. It was alleged by the defendants in their answer that the plaintiffs, at the time of the commencement of the suit, were in possession. The defendants gave no evidence disputing the actual possession of the plaintiffs from the time of their father's death. No question as to this appears to have been made at the trial. Upon the motion for a nonsuit, no such ground was specified An occupation being shown, its continuance may be inferred. (2 Whart. on Ev. § 1286.) ·

The evidence and circumstances in this case authorize, I think, the finding, as matter of fact, that the plaintiff Stackhouse continued to reside on the premises down to the time of the commencement of this action, and that, therefore, the plaintiffs were in actual possession for the period required.

It is further claimed that the plaintiffs failed to show that Calden B. Forest, Jr., died without legal descendants, and, therefore, failed to show title by descent in his father.

In actions of this kind, proof of possession in plaintiff for the required length of time under claim of title is sufficient to compel the defendant to show his title. (*Ford* v. *Belmont*, 69 N. Y. 567; *Schroeder* v. *Gurney*, 10 Hun, 413; *Barnard* v. *Simms*, 42 Barb. 304; *Benson* v. *Townsend*, 7 N. Y. Supp. 162.) If so, it is not clear how the defendants are interested in the heirship of Forest, Sr., as they do not claim under Forest, Jr. Passing, however, that

question, there appears in the case considerable testimony given on the part of the defendants on the question whether Forest, Jr., left him surviving a widow and child. Rebutting testimony was given on the part of the plaintiffs, the claim of plaintiffs being that no legal marriage had ever existed between the party claiming to be his widow and the mother of the child. Under the circumstances appearing in the case the referee was authorized to find that no marriage had in fact taken place, and, therefore, that Mr. Forest, Sr., was the heir. There was no error in receiving the declarations of the parties while living together, within the rule laid down in *The Matter of Taylor* (9 Paige, 611, 616). They characterized the circumstance of cohabitation. Nor is there any error apparent that calls for a reversal in the rulings of the court as to evidence by way of contradiction. The witness sought to be contradicted admitted upon her cross-examination that she had testified differently upon a previous examination.

The judgment should be affirmed.

All concurred.

Judgment affirmed, with costs.