### HILL v. MOWBRAY et al.

(Supreme Court, Appellate Division, Second Department. October 27, 1911.)

QUIETING TITLE (§ 47*)—ACTION—TITLE AND POSSESSION OF PLAINTIFF—DIRECTION OF VERDICT.

Where plaintiff in an action under Code Civ. Proc. § 1638, for the determination of a claim to real property, pleads a good cause of action, and establishes every fact essential to judgment, and defendants, by their answer, deny all of the material allegations of the complaint, but offer no competent evidence of title in the ancestor through whom they claim by inheritance, the plaintiff is entitled to a directed verdict and judgment thereon.

[Ed. Note.—For other cases, see Quieting Title, Dec. Dig. § 47.*]

Appeal from Trial Term, Nassau County.

Action by Margaret A. Hill against Eliphalet Mowbray, John Eliphalet Mowbray, and others. From judgment for plaintiff on a directed verdict, John Eliphalet Mowbray and another appeal. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Adolph Feldblum, for appellants.
Lawrence N. Martin, for respondent.

WOODWARD, J. The plaintiff, proceeding under the provisions of section 1638 of the Code of Civil Procedure, seeks a judicial determination of adverse claims to real property in her possession, and has judgment. The defendants appeal from such judgment.

There is no question that the plaintiff pleaded a good cause of action under the statute, and her own testimony that she has been in possession of the premises under a claim of title in fee for more than one year prior to the commencement of this action is undisputed. The deed under which plaintiff claims title is in evidence, and there is evidence tending to show that her predecessor in title had been in possession of the premises for many years, so that at the close of plaintiff's case she had established, without dispute, every fact essential to the judgment which she now has. The defendants in their answer denied all of the material allegations of the complaint, and set up a counterclaim to the effect that they were direct descendants of one Eliphalet Mowbray, deceased, and through him claimed an interest by right of inheritance of the property mentioned and described in the complaint, and demanded judgment dismissing the complaint. No competent evidence of title in Eliphalet Mowbray or of any right or interest in the defendants was offered upon the trial, and, the defendants having rested, the plaintiff moved for the direction of a verdict. Defendants objected on the ground that the plaintiff had not made out a case entitling them to a direction, and the learned court granted the motion and directed a verdict in favor of the plaintiff, to which the defendants took an exception, without making any request to go to the jury upon the question of possession, or any other issue.

The practice followed was that approved in Stackhouse v. Stotenbur, 22 App. Div. 312, 47 N. Y. Supp. 940, Merritt v. Smith, 50 App. Div. 349, 63 N. Y. Supp. 1068, and Vanderveer Crossings v. Rapalje, 133 App. Div. 203, 205, 117 N. Y. Supp. 485, and we are unable to discover any reason why the judgment should be disturbed.

The judgment appealed from should be affirmed, with costs. All concur.