(78 Misc. Rep. 557.)

HAMILTON et al. v. HAMILTON et al.

(Supreme Court, Special Term, New York County. December, 1912.)

1. QUIETING TITLE (§ 34*)—PROCEDURE—PLEADING.

A complaint, under Code Civ. Proc. § 1639, to quiet title to a portion of real property formerly held by plaintiff and another as tenants in common, which portion was not covered by mutual conveyances between them, alleging the facts out of which the ownership arises, that plaintiffs had been in possession one year, and that defendants unjustly claimed, or that it appears from the public records that they might so claim, a title adverse to plaintiffs, is sufficient; other allegations or an inappropriate prayer for relief being immaterial.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 69, 71, 72, 76, 77; Dec. Dig. § 34.*]

2. QUIETING TITLE (§ 23*)—RIGHT OF ACTION—POSSESSION BY PLAINTIFFS.

Where tenants in common made mutual conveyances, and one of them immediately after the execution of the deed to him went into possession, erected two houses on the land, and he or his devisees continued in open and notorious possession of the land, which was substantially inclosed, over 30 years, collected the rents and profits to the exclusion of the cotenant, his heirs and devisees, and in an application for a building permit, made by the former tenant shortly after the deed to him, he described himself as the sole owner, possession in him and his devisees sufficient to maintain an action under Code Civ. Proc. § 1639, to determine a claim to real property, was shown, regardless of a mistake in the deed; and in the absence of evidence on behalf of the cotenant or

---

his devisees, the devisees of the former tenant were entitled to the relief asked.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 55, 56; Dec. Dig. § 23.*]

3. ESTOPPEL (§ 93*)—EQUITABLE ESTOPPEL—GROUNDS.

Where cotenants made mutual deeds, and afterwards entered into a party wall agreement relating to a line between a portion omitted from the conveyances and the property of one of the cotenants, and such cotenant in a schedule in bankruptcy expressly stated that he owned no real property, he and his heirs were estopped to claim title, after the lapse of over 30 years, to the portion omitted from the conveyances.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 264-275; Dec. Dig. § 93.*]

Action by Gertrude Ray Hamilton and others against Alexander S. Hamilton and others to compel the determination of a claim of real property under Code Civ. Proc. §§ 1638, 1639. Judgment for plaintiffs.

Edward R. Vollmer, of New York City (John O'Connell, of New York City, of counsel), for plaintiffs.

John C. Ten Eyck, of New York City, for guardian ad litem.

Frederick E. Barnard, of New York City, for executors of estate of Schuyler Hamilton.

GAVEGAN, J. This action is brought by the plaintiffs, as heirs and devisees of Robert Ray Hamilton, against defendants, as heirs, devisees, and executors of the estate of Schuyler Hamilton, to compel the determination of a claim to real property under sections 1638 and 1639 of the Code of Civil Procedure, and arose out of the following undisputed facts:

Robert Ray Hamilton and Schuyler Hamilton, his brother, prior to 1881 were the owners of a large number of parcels of real property in the city of New York as tenants in common, including among other parcels certain vacant land on the northerly side of Twenty-Eighth street, beginning 125 feet east of Ninth avenue, and certain other vacant lots on the southerly side of Twenty-Ninth street, east of Ninth avenue. By deed dated the 16th day of May, 1881, Robert Ray Hamilton conveyed to his brother Schuyler 66 feet 8 inches on the northerly side of Twenty-Eighth street, which included a plot running from a point 158 feet 4 inches east of Ninth avenue to a point 225 feet east of Ninth avenue (the latter being the point of beginning); and at the same time Schuyler Hamilton, Jr., conveyed to his brother 50 feet on the southerly side of Twenty-Ninth street and 8 feet 4 inches on the northerly side of Twenty-Eighth street, running easterly from a point 150 feet easterly from Ninth avenue to the westerly line of land conveyed to Schuyler Hamilton. This left the record title to 25 feet on the northerly side of Twenty-Eighth street, beginning at a point 125 feet east of Ninth avenue and running 25 feet easterly therefrom, unconveyed.

[1] The complaint alleges ownership in fee, the facts out of which such ownership arises, that plaintiffs have been in possession

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

one year, and that defendants unjustly claim, or it appears from the public records that the defendants might unjustly claim, a title adverse to the plaintiffs. These allegations are sufficient to satisfy all the requirements of section 1639 of the Code, and it is immaterial whether other allegations are set forth, or whether the prayer for relief is inappropriate. Norris v. Hoffman, 133 App. Div 596, 118 N. Y. Supp. 156, affirmed 197 N. Y. 578, 91 N. E. 1118; Doscher v. Wyckoff, 132 App. Div. 139, 116 N. Y. Supp. 389. Defendants' motion to dismiss the complaint is, therefore, denied.

[2] Robert Ray Hamilton, immediately after the execution of the aforesaid deed, went into possession of the property in dispute, erected two houses thereon, and he or his devisees have ever since continued in notorious possession thereof for a period of over 30 years. The testimony shows that the property was inclosed by a substantial inclosure. Robert Ray Hamilton and his heirs and devisees collected the rents and profits, to the exclusion of Schuyler Hamilton, his heirs and devisees, and in an application for a building permit, made shortly after the deed was given, Robert Ray Hamilton described himself as the sole owner of the premises in question. It is clear, therefore, that plaintiffs have made out their ownership of the property, regardless of whether there was a mistake in the deed, and such possession is sufficient to maintain this action. King v. Townshend, 78 Hun, 380, 29 N. Y. Supp. 181; Baker v. Oakwood, 123 N. Y. 16, 25 N. E. 312, 10 L. R. A. 387. Neither is it material that one of the defendants is an infant. Code Civ. Proc. § 1686.

[3] The testimony also shows that Schuyler Hamilton and Robert Ray Hamilton entered into a party wall agreement before the houses were erected thereon, from which it clearly appears that it was the intention of Schuyler Hamilton to convey to Robert Ray Hamilton the 25 feet in dispute; also that Schuyler Hamilton, in filing a schedule in bankruptcy, expressly stated that he owned no real property. By these facts, taken in conjunction with the facts that Robert Ray Hamilton acted on the assumption that he was the true owner, and expended money, as stated before, without any objection from Schuyler Hamilton or any of his privies, but rather with their acquiescence, the defendants are estopped, after the great lapse of time, from asserting any title adverse to Robert Ray Hamilton or to these plaintiffs. Brown v. Bowen, 30 N. Y. 519, 541, 86 Am. Dec. 406; Reeves Real Prop. § 1013.

The plaintiffs have proved prima facie every element necessary to maintain this action, and, in the absence of any evidence on the part of defendants, they are entitled to the relief asked. Hill v. Mowbray, 146 App. Div. 507, 131 N. Y. Supp. 727. Judgment for plaintiffs.

Judgment for plaintiffs.