FRED BEISHEIM, Respondent, *v.* THE PEOPLE OF THE STATE OF NEW YORK, Defendant, Impleaded with COUNTY OF MONROE, Appellant.

Fourth Department, November 23, 1938.

*Harry Rosenberg, Monroe County Legal Adviser [Joseph B. Boyle, Deputy Legal Adviser, of counsel], for the appellant.*

*Carlyle B. Newcomb, for the respondent.*

*John J. Bennett, Jr., Attorney-General [Henry A. Cohen, Assistant Attorney-General, of counsel], for the defendant.*

PER CURIAM. The defendant, The County of Monroe, appeals from an order denying its motion, under rule 106 of the Rules of Civil Practice, to dismiss for insufficiency plaintiff's complaint in an action brought against it and The People of the State of New York, pursuant to article 15 of the Real Property Law, to compel the determination of a claim to real property.

We are of the opinion that the motion to dismiss the complaint should have been granted. While the allegations conform generally to the provisions of the statute, the complaint does not allege that the defendant county makes any adverse claim to plaintiff's property nor are any facts set forth from which such an inference can be drawn. The complaint does not allege that the highway, as improved or as proposed to be improved, deviates from the lines thereof as it formerly existed, or that the public easement therein has been abandoned or extinguished, or that defendants claim any rights in plaintiff's property beyond the limits of the highway. The allegations (1) that the State entered upon the property, removed therefrom gasoline pumps which had been used in plaintiff's business, thereafter laid thereon a ten-foot-wide strip of concrete pavement and removed earth from the property for the purposes of grading and drainage, and (2) that the defendants have no right or interest in the property or any part thereof, or any right or possibility of reverter with respect thereto, or any lien or incumbrance thereon, are contradicted and offset by the allegations that plaintiff is the owner of lands situated on the southerly side of the Ridge road in the town of Greece, Monroe county, N. Y., and that his fee extends to the center line of the road, thus conclusively establishing that plaintiff's ownership of this property is subject to the public easement therein for highway purposes.

A complaint that states facts constituting a defense against the cause of action therein set forth does not state a cause of action. (*Calvo v. Davies*, 73 N. Y. 211; *Walker v. Pease*, 17 Misc. 415, 418.)

The order denying the defendant County of Monroe's motion to dismiss the complaint for insufficiency is reversed on the law, with ten dollars costs and disbursements, and the motion granted with ten dollars costs, with leave to the plaintiff to serve an amended complaint within twenty days after the entry of this order and upon the payment of the costs of this motion and the costs of this appeal.

All concur. Present — CROSBY, LEWIS, CUNNINGHAM, TAYLOR and DOWLING, JJ.

Order reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to the plaintiff to serve an amended complaint within twenty days upon payment of the costs of the motion and the costs of this appeal.