month) protest was made as to the quantities of the goods, and this suit resulted.

[2] In order to further show an agreed value, one of the plaintiffs testified to a conversation with defendant's deceased partner. This is clearly inadmissible under section 829 of the Code of Civil Procedure, provided that a person interested in the event shall not be examined as a witness in his own behalf against the survivor of a deceased person, which has been held to refer to a surviving partner. Manning v. Schmitt, 4 App. Div. 131, 38 N. Y. Supp. 640; Green v. Edick, 56 N. Y. 613. See Comstock v. Hier, 73 N. Y. 269, 29 Am. Rep. 142; Adams v. Morrison, 113 N. Y. 152, 20 N. E. 829.

Judgment reversed, and new trial ordered, with $30 costs to appellant to abide the event. All concur.

---

(172 App. Div. 224)

### SYRACUSE REDUCTION & MFG. CO. v. CITY OF SYRACUSE.

(Supreme Court, Appellate Division, Fourth Department. April 19, 1916.)

1. EVIDENCE ⬦91—BURDEN OF PROOF—ALLEGATIONS OF COMPLAINT.

In an equity action, where defendant, by appropriate pleadings, questioned plaintiff's right to equitable relief, putting in issue all allegations of the complaint, plaintiff had the burden to sustain, by adequate proof, all essential allegations of the complaint.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 113; Dec. Dig. ⬦91.]

2. SPECIFIC PERFORMANCE ⬦62—ACTION—FAILURE OF PROOF.

Breach of contract by a city to collect all garbage made within the city and deliver it to plaintiff did not justify resort to equity for specific performance; the remedy being an action at law for damages.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. § 188; Dec. Dig. ⬦62.]

3. SPECIFIC PERFORMANCE ⬦75—CONTRACT WITH MUNICIPALITY—CONTINUOUS ACTS.

Equity will not compel a city to collect all garbage made within it and deliver it to plaintiff, pursuant to plaintiff's contract with the city, since the duties sought to be compelled are continuous in character, involving endless detail of personal labor and care, in restraint of private sellers and buyers of garbage, etc.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. § 210; Dec. Dig. ⬦75.]

Merrell, J., dissenting.

Appeal from Trial Term, Onondaga County.

Action by the Syracuse Reduction & Manufacturing Company against the City of Syracuse. From a judgment for plaintiff, defendant appeals. Judgment reversed, and new trial ordered.

Argued before KRUSE, P. J., and FOOTE, LAMBERT, MERRELL, and DE ANGELIS, JJ.

Frank Hopkins, of Syracuse, for appellant.
Harry Barber, of Syracuse, for respondent.

LAMBERT, J. This action is in equity. It has its basis in a contract between the parties, entered into July 1, 1908, providing for the

collection and delivery of garbage by the defendant to the plaintiff at a stated compensation, graded upon the amount of garbage so delivered. The contract contains the following provision:

"The city agrees to deliver into receptacles prepared for it at the plant all the garbage which it may lawfully collect from day to day."

The facts are substantially conceded. At the time this contract was entered into, individuals were collecting some garbage within the city and transporting same outside thereof, for their own private ends. That practice has continued, during the life of this contract, and it is conceded is now continuing to such an extent as to effect a substantial reduction in the profits of the plaintiff. It is also conceded that the city is acting in good faith, and is delivering to plaintiff all the garbage which it collects, and is not directly or indirectly instigating or acquiescing in garbage collections by others. In fact, the city has adopted ordinances prohibiting such practices, but such do not seem to have been enforced.

This action seeks by mandatory injunction to compel the city to collect all garbage made within the city and to deliver it to the plaintiff. Judgment has been awarded in accordance with such prayer for relief, and the appeal is from such judgment. The primary question is the meaning of the above-quoted provision in the contract. The trial court has found that in its use of the word "may" the parties intended to obligate the city to collect all the garbage. It has determined that, in this instance, the word "may" has the meaning of the word "must," and imposes upon the city the active duty of restraining all other collectors, to the end that the plaintiff shall receive all garbage made within the city.

Such question is purely one of construction, and we cannot say that the conclusion reached by the trial court thereon is erroneous. We may then assume that the city did obligate itself to collect and deliver all garbage made within its boundaries. It is alleged in the complaint that the damages occasioned by the breach are of so uncertain a character as to preclude definite ascertainment, that the parties disposing of their garbage through private channels are uncertain and varying, and that the amount of garbage made by them is likewise uncertain and varies in character and quantity.

[1] The defendant by appropriate pleadings questions the plaintiff's right to equitable relief in the action, and puts in issue all the allegations of the complaint. This situation of the pleadings burdens the plaintiff with the obligation of sustaining by adequate proof all the essential allegations of the complaint.

[2] A careful analysis of the proofs fails to disclose anything beyond the making of the contract, its breach, and resulting damage to the plaintiff. Such proof does not justify resort to equity. The remedy for breach of contract, resulting in damages, is an action at law. Such a failure of proof is fatal to an action of this character. Fox v. Fitzpatrick, 190 N. Y. 259, 82 N. E. 1103.

[3] There is still further difficulty with this form of action. The judgment awarded directs the city to do all things necessary to effect the collection and delivery to plaintiff of all the garbage made within

the city. Such a result involves the institution of legal proceedings by the city, either in the enforcement of its ordinances or in restraint of the sellers and buyers of garbage as to whom complaint is made. None of such persons are parties to this action. This case does not present facts upon which this court can determine the ultimate success of such efforts by the city. It is not entirely certain that the city will be able to restrain the sale of garbage through private channels. In Rochester v. Gutberlett, 211 N. Y. 309, 105 N. E. 548, L. R. A. 1915D, 209, Ann. Cas. 1915C, 483, there is somewhat strong indication that it will or may be unable so to do.

The effect of the judgment rendered is to require the court to assume control and direction of a situation involving many ramifications, and all in aid of private interests. The duties sought to be compelled are continuous in character, and involve endless detail of personal labor and care. Ordinarily the courts will not assume that burden, except there be public necessity therefor. As was said in Standard Fashion Co. v. Siegel-Cooper Co., 157 N. Y. 60-66, 51 N. E. 408, 409 (43 L. R. A. 854, 68 Am. St. Rep. 749):

"Contracts which require the performance of varied and continuous acts, or the exercise of special skill, taste, and judgment, will not, as a general rule, be enforced by courts of equity, because the execution of the decree would require such constant superintendence as to make judicial control a matter of extreme difficulty."

While there are exceptions to this rule, yet such arise only in cases of obvious necessity. This record presents no occasion for such action by the courts. Merely because plaintiff has suffered damages through breach of contract by the defendant does not justify resorting to the unusual remedy herein decreed.

For the foregoing reasons, the judgment appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

KRUSE, P. J., and FOOTE and DE ANGELIS, JJ., concur. MERRELL, J., dissents.