CLARA DELORES MACHAIN LOPP, Respondent, v. GEORGE WASHINGTON LOPP, Appellant.

First Department, April 9, 1920.

**Pleadings — denials and defenses distinguished — denials will not be stricken out on motion.**

A denial contained in an answer is not strictly speaking a defense, which consists of new matter pleaded which tends to defeat the plaintiff's right to recover, even if the facts alleged in his complaint are true.

A denial is a denial although unscientifically termed a defense by the defendant and such allegations being intended simply to traverse the allegations of the complaint cannot be stricken out as this would result in an admission of the plaintiff's cause of action.

APPEAL by the defendant, George Washington Lopp, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 18th day of March, 1920, striking out the denials contained in the first and second defensese of the answer.

*John Godfrey Saxe* of counsel [*Worcester, Williams & Saxe,* attorneys], for the appellant.

*Mayer C. Goldman,* for the respondent.

PAGE, J.:

Instead of containing denials of the material allegations of the causes of action in the complaint in the usual manner, the answer sets up these denials under the captions of a " first defense " and a " second defense," coupled with a statement of evidentiary matter, designed to explain the denials, which have no proper place in a pleading.

Strictly speaking, a denial is not a defense. It merely puts in issue the allegations of the complaint. Thereby the defendant says the facts you allege are not true. The issue is then simply are the facts alleged by the plaintiff true. The burden of proving the facts he has alleged is upon the plaintiff. If he fails to sustain this burden, judgment goes against him because he never had a cause of action against the defendant, and not because the defendant has a defense to the cause of action that at one time existed. New matter

constituting a defense would be facts set forth by the defendant, which tend to defeat the plaintiff's right to recover, even if the facts he alleges in his complaint are true. It is a matter of little moment whether the defendant unscientifically terms his denials defenses. Judges have differed on this question of terminology in pleading. This case, however, gives point to the opinion of Mr. Justice CHASE: "While a denial is sometimes called a defense (*Staten Island M. R. R. Co.* v. *Hinchliffe,* 170 N. Y. 473) it remains a denial only, although it is called by another name. If a denial is called a defense, it does not for that reason become a defense under the 2d subdivision of section 500 of the Code of Civil Procedure, and the use of the word ' defense ' in connection with a denial is, in my judgment, unfortunate and confusing." (*Eells* v. *Dumary,* 84 App. Div. 105, 106.)

General or specific denials which are intended simply to traverse the allegations of the complaint cannot be stricken out. To strike out the denials, which the pleader labeled as a defense, would result in an admission of the plaintiff's causes of action.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

DOWLING, LAUGHLIN, MERRELL and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.