In the Matter of the Estate of DAVID SALOMON, Deceased.

Surrogate's Court, New York County, April 12, 1935.

*Appleton, Rice & Perrin,* for Guaranty Trust Company of New York, as successor trustee of the trust created for the benefit of Louisa S. Hendricks under the will of David Salomon, deceased.

*Meighan & Necarsulmer* [*Henry Hofheimer* of counsel], for Girard Trust Company, as ancillary guardian of Bunford Samuel Pelton and Clifford L. Pelton, Jr., and United States Trust Company, as executor of the last will and testament of Louisa S. Hendricks, deceased.

DELEHANTY, S. By his will testator directed that his estate be divided into as many equal parts as represented the number of his children surviving him plus the number of any deceased children who were then represented by living issue. After directing that all the shares be held in trust and that the income thereon be paid to designated beneficiaries, he prescribed the manner in which the principal of the respective shares must ultimately be disposed of. He gave to his living children the power by last will and testament to direct and appoint the person or persons who would receive the principal of the share held for the benefit of such child. He prescribed, in default of such appointment, the manner in which the principal of such share would devolve and be distributed. As to the shares set apart for grandchildren representing a deceased child he himself prescribed the manner of distribution at the termination of the trust.

His will then provided:

"*Sixthly.* If any child or descendant of mine shall marry any person not of the Jewish faith, such child or descendant shall not be competent to take thereafter any interest, rents, profits or income under this my will; nor shall any appointment as aforesaid made by any such child of mine either before or after any such marriage be valid or effectual; But for all the purposes of any dispositions in this my Will, any child or descendant of mine who shall marry as

aforesaid shall be deemed to have actually departed this life at the time of such marriage and to have thereby revoked any appointment by him or her theretofore made under any power conferred by this Will. And any offspring from him or her, subsequent to any such marriage shall be in like manner disqualified to take any interest under any direction in this Will."

A granddaughter of testator is alleged to have married a person not of the Jewish faith and to have had issue. Such issue were appointed by a daughter of testator (who had not violated the prohibition) to receive a portion of the principal of her trust fund. The question is whether this appointment to these great-grandchildren of deceased was validly made.

A testator has the right to attach to a bequest or devise made by him any condition, " Whether sensible or futile," provided only that it is not illegal nor opposed to public policy. (*Oliver* v. *Wells*, 254 N. Y. 451, 458.) While a condition in general restraint of marriage is inoperative (*Robinson* v. *Martin*, 200 N. Y. 159) a condition which is merely in special restraint of marriage is valid ordinarily (*Hogan* v. *Curtin*, 88 N. Y. 162; *Beers* v. *Grant*, 110 App. Div. 152, affd. 185 N. Y. 533; *Matter of Seaman*, 218 id. 77). The condition here prescribed is not in general restraint of marriage and is not illegal.

The intent of testator must be derived from his language. An analysis of clause " Sixthly " discloses certain definite ideas there expressed. The first idea is that marriage to a person not of the Jewish faith bars from participation in deceased's property any child or descendant of deceased so marrying. Only the affirmative act of entry into the prohibited marriage creates the bar. This bar, of course, does not affect the children who are the appointees, since they are not married. The second idea expressed is that any appointment made by a child so marrying becomes invalid and ineffectual whether made before or after such a marriage. Here the word " child " only is used. The word " descendant " is not used. It is fair therefore to assume from testator's language that only in the case of the disobedient child was the appointment to be invalid and ineffective. The third idea is that the child so marrying shall be deemed by that act to have revoked any previously made appointment and further shall be deemed for purposes of distribution to have died as of the date of such marriage. Here again the penalty is attached to the act of marriage and so does not become effective against any one who did not himself enter into the prohibited relation.

The fourth and final idea is that any offspring of a child so marrying shall be " disqualified to take any interest under any

direction in this [testator's] will." Since the law deals strictly with prohibitions of the sort outlined in testator's will, since the children themselves are not at fault and since they have done no act of disobedience to testator's wishes, they are entitled to the strictest construction of the language of the will. The will, as noted, contains " directions " of the testator concerning the disposal of his property. The question is whether by this appointment the children take " under any direction in this will " as those words should be construed.

These great-grandchildren are not named in the will. In so far as any " direction " in the will might operate (except for their mother's marriage) to vest them with property such " direction " becomes in their case ineffective because of her marriage. By so construing the will full effect is given to the language which bars such issue from taking " any interest under any direction in this will."

In ruling that the great-grandchildren may not take by bequest any property under the " direction " in the will it does not follow that they are barred from taking as appointees. Examination must be made of the grant of power to appoint to determine whether the phrase " under any direction in this will " was intended by testator to limit the appointment by a child who had not violated the prohibition against marriage to a non-believer in the Jewish religion. That examination discloses that the power is not limited in any respect. Testator may well have been satisfied to rely upon the judgment and discretion of any child of his who had observed his wishes respecting marriage. There is no reason why the court should read into the power of appointment a prohibition broader than the terms used by testator. Testator intended that no " direction " of *his* should operate to vest his property in issue of a disobedient child or descendant. But he did not so limit the beneficiaries of an appointment.

Of course it can be argued that an appointment is in theory of law an act of the agent of the donor of the power but that is not the construction which the court believes should be put upon testator's use of the phrase " direction in this will." The proper interpretation is to say that testator understood the distinction between his own explicit directions written in the will and the act of his donee. The power of appointment plainly permits appointment of non-believers in the Jewish religion. It is not possible to hold that this authority to appoint non-Jews is limited so as to bar the appointment of these particular great-grandchildren even if their mother married a non-believer. Testator made specific limitations upon the exercise of the power of appointment and his failure to state that

the appointees could not take if they were issue of a disobedient descendant is significant of testator's willingness to trust his obedient children with the discretion to appoint whom they chose. He may well have intended thus to mitigate the severity of his prohibition. The court should not strain to disinherit these children whom testator's own daughter, with knowledge of his wishes, made the beneficiaries of her appointment. The court holds the appointment valid.

Having reached this result because of the particular terms of this will it is unnecessary to consider the other arguments by which it is sought to validate the appointment for other reasons.

Submit, on notice, decree construing the will and settling the account accordingly.