QUEENSBORO IMPROVEMENT COMPANY, Plaintiff, *v.* WILLIAM DEAN and Others, Defendants.*

Supreme Court. Special Term  Queens County. January 26, 1940

*C. Elmer Spedick*, for the plaintiff.

*Isidore Siegeltuch*, for the defendants Emma Groomer, Abbie Thompson, Marcella Whitehead, Rebecca Johnson and Carrie Mitchell.

HOOLEY, J.   The action is brought to compel the determination of a claim to real property pursuant to section 500 *et seq.* of the Real Property Law.   This motion is made to dismiss the complaint on two grounds: (1) That the complaint does not set forth facts with respect to defendants' adverse claims to the property, and (2) that the complaint fails to describe the property claimed with " common certainty."

The complaint is clearly defective.   Plaintiff pleads the bare language of the statute (Real Prop. Law, § 501) although that very statute provides: " The complaint in such an action must set forth facts showing:   *   *   *   3. That the defendant unjustly claims, or that it appears from the public records or from the allegations of the complaint, that the defendant might unjustly claim an estate or interest or easement therein, or a lien or incumbrance thereupon of the character specified in the last section;   *   *   *."

* Affd. 259 .pp. Div. 911.

No facts are pleaded by plaintiff, and hence the statute has not been complied with. (See, also, *Brown* v. *Teel*, 59 Hun, 91; affd., 128 N. Y. 678; and *Town of Oyster Bay* v. *North Shore Country Club*, N. Y. L. J. Nov. 20, 1939, p. 1722.)

The court is of the opinion that the property is sufficiently described, and, therefore, that part of the motion which attacks same may be held to be without substance.

The motion to dismiss the complaint is granted, with leave to the plaintiff to serve an amended complaint within twenty days after service of a copy of the order to be entered on this motion. Settle order on notice.