ANTHONY EMANUELE et al., Plaintiffs, *v.* ROCHESTER PACKING COMPANY, INC., Defendant    (And   Eight   Other   Actions Against Same Defendant).

Supreme  Court,  Monroe  County,  October 16,  1943.

*Warren Shuster Case & Halsey* for defendant.
*William L. Clay* for plaintiffs.

WHEELER, J. The complaints in each of the above-entitled actions, being substantially the same, are before the court on this motion by stipulation. In several of the actions a group of employees are joined as parties plaintiff, in one action as many as forty-one. The complaints contain but one cause of action for overtime-work compensation under the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 *et seq.*). A second cause of action for liquidated damages and attorney's fees likewise is set forth in each complaint.

It is alleged in the complaints that defendant is a New York corporation having its principal place of business in the city of Rochester, and engaged in the handling and shipping of meat products in interstate commerce; that plaintiffs were employed by the defendant " in commerce " and the " handling of meat products for commerce within the meaning of said 'Fair Labor Standards Act of 1938 ' "; that during the respective periods of employment each of the plaintiffs was employed by defendant " in commerce and in the receiving and shipping and handling of meat products for commerce within the meaning of said Act." Attached to each complaint is a schedule which shows for each of the respective plaintiffs the dates of his employment, the number of hours of overtime, the hourly rate of pay, and the amount claimed to be due as overtime compensation.

The defendant has moved to dismiss the various complaints on the ground that they fail to show that plaintiffs were engaged in interstate commerce, or in the production of goods for interstate commerce.

The Act [U. S. Code, tit. 29, § 206, subd. (a)] provides that " Every employer shall pay to each of his employees who is engaged in commerce or in the production of goods for commerce wages at the following rates ", etc. There is no allegation in the complaints that plaintiffs were engaged in the production of goods for commerce, although such may have been the intention of the pleader. The complaint being thus limited in its allegations, the only question is whether plaintiffs were " engaged in commerce " within the meaning of the Act.

The Supreme Court of the United States has held that this clause (engaged in commerce) covered every employee in " channels of interstate commerce " as distinguished from those who merely affected that commerce. The test is " not whether the employee's activities affect or indirectly relate to interstate commerce but whether they are actually in or so closely related to the movement of the commerce as to be a part of

it." (*McLeod* v. *Threlkeld*, 319 U. S. 491, 497 [1943]; *Walling* v. *Jacksonville Paper Co.*, 317 U. S. 564 [1942].)

The important consideration is not whether the employer is engaged in interstate commerce. It is the character of the work of the employee which is decisive. (*McLeod* v. *Threlkeld* (*supra*); *Kirschbaum* v. *Walling*, 316 U. S. 517.)

In the instant cases no facts relating to the employment of plaintiffs are alleged. The complaints contain only the bare conclusion that plaintiffs were employed "in commerce and in the receiving and shipping and handling of meat products for commerce." This court fully appreciates the beneficent objectives as well as the informal procedural provisions of the Fair Labor Standards Act, and consequently the necessity for much latitude in passing upon the sufficiency of a complaint thereunder. However, it is essential that a complaint set forth facts, not conclusions. Any employee seeking the benefits of the Act should be able without difficulty to plead a brief and concise statement of the particular kind and character of employment, including the place where it was performed, even though he be unable to allege in minute detail its ultimate relation to interstate commerce. (*Pliner* v. *Nesvig*, 42 F. Supp. 297.)

In these complaints the plaintiffs plead the bare language of the statute. Such a pleading is clearly defective. (*People ex rel. Sandnes* v. *Sheriff of Kings County*, 164 Misc. 355; *Queensboro Improvement Co.* v. *Dean*, 175 Misc. 655; *Matter of Sitkin*, 156 Misc. 448; *Baldwin* v. *Hegeman Farms Corp.*, 154 Misc. 285.)

The defendant's further contention that there is a misjoinder of parties plaintiff is not sustained. The Act [U. S. Code, tit. 29, § 216, subd. (b)] specifically authorizes a suit of this nature "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated". Nor is it necessary to state separately a cause of action as to each plaintiff, provided those who are joined in any one action are in fact employees similarly situated. (*Quinones* v. *Central Igualdad, Inc.* [U. S. Dist. Ct., Puerto Rico, Feb. 7, 1940, No. 2473], 1 Wage and Hour Cases 285.)

For the reasons stated, it must be held that the complaints do not state facts sufficient to constitute a cause of action. The motions to dismiss are granted without costs, but with leave to the plaintiffs to amend their complaints within twenty days after service of the order to be entered hereon with notice of entry.