Jack Staitislaw, J.
This action for overtime work compensation under the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 et seq.) was tried before the court without jury. Plaintiff claims he worked for defendant as a retail salesman in the appliance department of a Billy Blake store, located in Smithtown, Suffolk County, New York; and that during the period of September 7, 1963, through August 21, 1964, when his base pay was $1.82 per hour, he worked 906 hours overtime, for which he should have been paid time and a half or $2.73 per hour, totaling $2,473.38, but he received only $960 for such overtime, or an underpayment of $1,513.38. He seeks judgment in that amount plus an equal amount as liquidated damages, in addition to a reasonable attorney’s fee.
Defendant’s witnesses did not dispute his base rate of pay, but claimed: (1) his overtime amounted to only 165% hours, for which he received $800, amounting to an overpayment of $348.18; (2) that he was employed as a department manager; and (3) that for bookkeeping convenience, plaintiff’s employment records were maintained and his salary was paid by defendant, but plaintiff was actually employed by Bay Shore T. V. and Appliance Center, Inc.
It appears, however, that defendant held itself out to be plaintiff’s employer; that defendant did not maintain precise records of plaintiff’s daily working hours; and that although plaintiff performed certain managerial duties, most of his time was devoted to nonexecutive type work. Thus, if those were the only factual issues in dispute, the court would be inclined to hold in plaintiff’s favor.
There is, however, not a scintilla of evidence in the entire record to establish the following essential statutory allegations of the complaint, each of which is denied by defendant in its answer: (1) that defendant “was engaged in interstate commerce within the meaning of the Act ”; and (2) that “ defendant’s annual gross volume of sales for said goods (including television sets, raido receivers and record playing equipment) was. not less than $1,000,000.00, exclusive of excise taxes at the retail level which were separately stated, and $250,000 or more of the said goods received by resale had moved across State lines before resale by defendant ”
*478 One claiming overtime compensation under the Fair Labor Standards Act may not depend upon pleading the bare language of the statute (Emanuele v. Rochester Packing Co., 182 Misc. 348); he must prove, by a fair preponderance of credible evidence, every necessary statutory allegation put in issue (Anderson v. Material Co-Ordinating Agency, 63 N. Y. S. 2d 324). Plaintiff made no offer of proof, regarding those issues, at trial. But it is now urged, in his behalf, that the court take judicial notice of the fact ‘ that this plaintiff was engaged in interstate commerce ” since it is well known that television sets and other major appliances (which plaintiff sold at defendant’s concession at the Billy Blake store) and their components are manufactured in various places in the United States and very few or none are manufactured in the State of New York. This request, plaintiff should have made at trial, in order to afford defendant an opportunity to refute it. Moreover, even if such request had been made and granted, it would be the height of speculation for the court to indulge in any estimate of the volume of defendant’s gross annual sales or the percentage of such sales which had moved across State lines before resale by defendant, since there is no evidence on that issue in the entire case.
It is further urged by plaintiff, that since information regarding those issues is peculiarly within the knowledge of defendant, it was not plaintiff’s, but defendant’s obligation to offer evidence at trial with respect to such factual matters. The court does not agree.
Although the action is brought under a Federal statute, the burden of proof is procedural and in all actions tried in this State the burden of proving a prima facie case rests with the plaintiff (Fitzpatrick v. International Ry. Co., 252 N. Y. 127; Central Vermont Ry. v. White, 238 U. S. 507). When essential allegations of a complaint are denied in the answer, the onus is upon the plaintiff to prove them. The plaintiff has the burden of proving whatever facts he has alleged. It is only where all the material allegations are admitted that the burden of establishing a defense is on the defendant (Anderson v. Material Co-Ordinating Agency, supra; Syracuse Reduction & Mfg. Co. v. City of Syracuse, 172 App. Div. 224; Lopp v. Lopp, 191 App. Div. 500; Conforti Constr. Co. v. Neek Realty Corp., 125 Misc. 876). Thus, if defendant, in this case, had admitted the statutory allegations of the complaint, but by way of defense claimed one of the exemptions specified under the Act, defendant would be obliged to prove it is entitled to such exemption. But here the essential jurisdictional allegations are *479 denied; and since they have not been proved by the plaintiff at trial the complaint must be in all respects dismissed (Fair Labor Standards Act of 1938, U. S. Code, tit. 29, § 201 et seg.; Anderson v. Material Co-Ordinating Agency, supra).